UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

WAYNE L. L.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. 1:25-cv-00286-DCN-REP

**ORDER ADOPTING REPORT AND RECOMMENDATION**

## I. INTRODUCTION AND BACKGROUND

On February 23, 2022, Plaintiff Wayne L. L. ("Plaintiff") filed applications for Title II disability insurance benefits and Title XVI supplemental security income, alleging disability beginning January 5, 2022. The applications were denied initially and on reconsideration.

On February 13, 2024, a hearing was held before an administrative law judge ("ALJ"), who issued an unfavorable decision on May 21, 2024. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. 42 U.S.C. § 405(h). Plaintiff timely filed this action in federal court seeking judicial review of the ALJ's decision. Dkt. 1.

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

On August 10, 2026, Chief United States Magistrate Judge Raymond E. Patricco issued a Report and Recommendation in this matter. Dkt. 24 (the "Report"). Therein, Judge Patricco recommended that: (1) the decision of the Commissioner be affirmed, and (2) judgment be entered in favor of the Commissioner. *Id.* at 12. Pursuant to statute, Judge Patricco gave the parties fourteen (14) days to file written objections to the Report and Recommendation. *Id.*; 28 U.S.C. § 636(b)(1).

Plaintiff filed an objection to the Report (Dkt. 25), and the Commissioner did not file a response. The matter is now ripe for the Court's review. For the reasons set forth below, Plaintiff's objection is overruled, Judge Patricco's Report is adopted in full, and the Commissioner's decision is affirmed.

## II. LEGAL STANDARD

In the context of social security appeals, a court's role in reviewing an ALJ's final decision is to ensure that it is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (stating that the final decision "to deny benefits will be overturned only if it is not supported by substantial evidence or it is based on legal error"). Substantial evidence is "more than a mere scintilla, but less than a preponderance." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is susceptible to more than one rational interpretation, the Court must defer to the ALJ's interpretation. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004).

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where,

as here, a party objects to the Report, the Court "shall make a de novo determination of those portions of the report . . . to which objection is made." *Id.*

## III. DISCUSSION

Plaintiff objects to the Report on the ground that Judge Patricco erred in finding: (1) the ALJ's reliance on medical evidence was a sufficient analysis of Plaintiff's mental impairments, and (2) the ALJ's residual functional capacity ("RFC") determination[2] was well supported. Dkt. 25, at 2–3. Plaintiff's objections to the Report are simply the same allegations raised in his lawsuit, *i.e.*, perceived errors by the AJL. Judge Patricco explained why those arguments were unavailing. Now, Plaintiff's two objections are that Judge Patricco erred in his analysis of those same two arguments. Meaning, in essence, Plaintiff is asking the Court to review what Judge Patricco has already reviewed—and on the same basis before him.

As the Court recently explained in *Marie v. Commissioner of Social Security*, this approach is not inherently wrong. 2026 WL 2654264, at *2 (D. Idaho Sept. 9, 2026). "However, the Court typically has seen more targeted objections, not simply a restatement of the original claims." *Id.* "By taking this repetitive approach, Plaintiff gets a de novo review of [his] claims. But when [he] has not presented anything new, it is difficult to see this strategy as anything other than a final hope that another judge will simply see things differently." *Id.*

[2] An RFC determination is an administrative assessment of the maximum work-related tasks a person can do despite his or her limitations.

The Court has reviewed Plaintiff's objections and completed its own independent analysis as required. Because it finds neither of Plaintiff's arguments persuasive—and for the same reasons as outlined in the Report—it will not discuss the matters in grave detail.

**A. Plaintiff's Mental Impairments**

First, Plaintiff argues Judge Patricco erred in finding the ALJ's reliance on medical evidence was a sufficient analysis of his mental impairments. At Step 2, the ALJ found Plaintiff suffered from "post-traumatic stress disorder, major depressive disorder, adjustment disorder, generalized anxiety disorder, and bipolar disorder," but also noted these impairments "considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere." Dkt. 24, at 4 (citing AR 20). Plaintiff contends that in reviewing the ALJ's findings, Judge Patricco "ignored large swaths of evidence in order to garner support for the ALJ's decision." Dkt. 25, at 2.

As an initial matter, Plaintiff will be wise to remember he is speaking about the Chief Magistrate Judge of this Court, not opposing counsel. Any accusation that calls into question a judicial officer's motivation for his or her decision should be carefully considered and supported with substantial evidence. Otherwise, this kind of serious allegation against a judicial officer is inappropriate.

The Court finds Judge Patricco correctly held the ALJ's findings were supported by substantial evidence. When evaluating the severity of Plaintiff's mental impairments within the four functional areas (*i.e.*, the "paragraph B" criteria), the ALJ cited progress notes of eleven separate visits with his mental health provider, each of which stated

Plaintiff's memory was "grossly intact," he was calm and made good eye contact, was alert and fully oriented, and had appropriate insight and judgment. Dkt. 24, at 5–6 (citing, *e.g.*, AR 1742, 1759, 1781, 1804). Plaintiff argues these eleven examinations were only a small portion of the 2,150-page record, and that more than double that number of records would support a finding that Plaintiff's mental impairments were severe. Dkt. 25, at 2. Those other records consisted of other portions of Plaintiff's mental health treatment notes, as well as a diagnosis and medication for depressive disorder. Dkt. 24, at 6 (citing Dkt. 20, at 13). The ALJ resolved these conflicts by finding that the effect of Plaintiff's history of depression on his ability to function in the workplace were not "well-substantiated" to justify limitations in the four "paragraph B" criteria. Dkt. 24, at 6–7.

Contrary to Plaintiff's arguments, the ALJ and Judge Patricco did not "ignore large swaths of evidence." Dkt. 25, at 2. Judge Patricco found that the ALJ "explicitly recognized major depressive disorder as one of Plaintiff's medically determinable mental impairments" and weighed the medical records when considering whether Plaintiff could function in a workplace despite such impairments. Dkt. 24, at 7.

The Court agrees with Judge Patricco that the ALJ's conclusions were supported with substantial evidence. Although conflicting evidence exists, reasonable minds could differ as to the conclusions drawn from such evidence. In such situations, deference to the ALJ is required. *See Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005). Plaintiff is wrong—Judge Patricco did not ignore evidence to reach a predetermined conclusion, and he did not err in finding the ALJ's reliance on medical evidence was a sufficient analysis of Plaintiff's mental impairments.

This objection is OVERRULED.

**B. RFC Determination**

Second, Plaintiff argues Judge Patricco erred in finding the ALJ's RFC determination was well supported. In its RFC, the ALJ found Plaintiff could "understand, carry-out, and remember simple instructions, and use judgment to make simple work-related decisions." Dkt. 24, at 10 (citing AR 23). Plaintiff claims Judge Patricco "mischaracterize[d] Plaintiff's contentions into something easy to dismiss" by finding "the ALJ was proper in the discussion of the state agency consultant determinations and the ALJ is responsible for 'weighing the evidence and incorporating the evidence into a succinct RFC.'" *Id.*

Again, Plaintiff's accusations as to Judge Patricco's motivations are inappropriate and unsubstantiated. The RFC was supported by "a state agency medical consultant's opinion that Plaintiff's mental impairments were not severe," and that opinion was supported by the ALJ's findings as to Plaintiff's mental limitations. Dkt. 24, at 10 (citing AR 26). Judge Patricco did not mischaracterize Plaintiff's argument. Rather, Plaintiff argues the RFC did not have substantial evidentiary support largely for the same reasons Plaintiff objected to the ALJ's Step 2 determination. Dkt. 25, at 4 ("Plaintiff's argument was that the ALJ crafted an RFC that did not enjoy substantial evidentiary support as the ALJ relied on such a minutiae of evidence in comparison to the full scope of unsupportive evidence contained in the RFC."). As Judge Patricco aptly explained, "for the same reasons discussed above, the ALJ reasonably found that Plaintiff's record reflected nonsevere mental impairments," and, therefore, "the ALJ did not err in declining to address the record

evidence Plaintiff cites here." Dkt. 24, at 10–11. For the same reasons discussed in *supra* Section III.A., this Court agrees with Judge Patricco. In the Court's view, it is Plaintiff who is mischaracterizing the Report. To the extent the RFC contained additional mental limitations that were not fully explained, such inclusions would only benefit Plaintiff's case and were harmless even if made in error. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). The RFC is well supported by substantial evidence, and this objection is OVERRULED.

## IV. CONCLUSION

For the reasons above, the Court OVERRULES Plaintiff's objections, adopts Judge Patricco's Report in its entirety, and enters the following order consistent with the same.

## V. ORDER

1. The Report and Recommendation entered on July 10, 2026 (Dkt. 24), is INCORPORATED and ADOPTED in its entirety.
2. The Commissioner's decision is AFFIRMED.
3. Judgment is entered in favor of DEFENDANT consistent with the Report and this case is CLOSED.
4. The Court will enter a separate judgment pursuant to Civil Rule of Procedure 58 and 42 U.S.C. § 405(g).

DATED: September 23, 2026

David C. Nye
U.S. District Court Judge